IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARIA RASHWAN,                )
                              )
            Plaintiff,        )
                              )
      v.                      )         1:11CV776
                              )
BELK STORES,                  )
                              )
            Defendant.        )

**MEMORANDUM OPINION, ORDER, AND**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Application for Leave to Proceed In Forma Pauperis and Affidavit/Declaration in Support (Docket Entry 1), filed in conjunction with Plaintiff's pro se form Complaint alleging employment discrimination in the form of religiously-based harassment/hostile work environment (Docket Entry 2 at 2-4). The Court will grant Plaintiff's request to proceed as a pauper for the limited purpose of recommending dismissal of this action, under 28 U.S.C. § 1915(e)(2), as frivolous and for failing to state a claim.

LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours

& Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants . . . [and thus] d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (some internal quotation marks omitted). Alternatively, a plaintiff "fails to

2

state a claim upon which relief may be granted," 28 U.S.C. § 1915(e)(2)(b)(ii), when the complaint does not "contain sufficient <u>factual matter</u>, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (emphasis added) (internal citations omitted) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id.</u> In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u>[1]

## DISCUSSION

Plaintiff's Complaint alleges the following under the heading "Statement of Claim":

> While working at Belk, I was religiously discriminated, treated unfairly regarding scheduling and spoke to in a threatening manner by my co-worker, direct counter manager, supervisor and store manager. This harassment

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read <u>Erickson</u> to undermine <u>Twombly</u>'s requirement that a pleading contain more than labels and conclusions," <u>Giarratano v. Johnson</u>, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying <u>Twombly</u> standard in dismissing pro se complaint). <u>Accord</u> <u>Atherton v. District of Columbia Off. of Mayor</u>, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting <u>Erickson</u>, 551 U.S. at 94, and <u>Iqbal</u>, 129 S. Ct. at 1950, respectively)), <u>cert. denied</u>, 130 S. Ct. 2064 (2010).

3

> has taken place towards me, and I have also witnessed the unfair behavior towards one of my co-workers as well, since the beginning of my employment, 08/29/09. The discrimination escalated the week of 04/06/10. To date Belk has not followed up with my complaints, and obviously did not train the following employees who have offended me harassing in the work place. Those offending me and making the work environment a hostile (uncomfortable) one to work in are: my co-worker Dana Michelle Davis[,] my former counter manager Kelly Silver[,] my immediate supervisor Noah Anderson[, and] my store manager Steven Kane.

(Docket Entry 2 at 2-3.) The Complaint contains no other factual matter regarding the nature of the alleged religious-based discrimination. (See id. at 1-4.)

Title VII of the Civil Rights Act of 1964 prohibits employment discrimination based on religion. See 28 U.S.C. § 2000e-2(a). Moreover, discrimination can arise from harassment, but such claims require proof of a "'workplace permeated with discriminatory [e.g., religious-based] <u>intimidation, ridicule, and insult</u> that is sufficiently <u>severe or pervasive</u> to alter the conditions of the victim's employment and create an abusive working environment.'" <u>Jordan v. Alternative Res. Corp.</u>, 458 F.3d 332, 339 (4th Cir. 2006) (quoting <u>Harris v. Forklift Sys., Inc.</u>, 510 U.S. 17, 21 (1993) (emphasis added)). Plaintiff's Complaint fails to offer factual matter sufficient to establish any religious discrimination, but instead merely makes conclusory assertions of the sort ruled inadequate in <u>Iqbal</u>. As a result, the Complaint fails to state a claim for religious discrimination under Title VII and, indeed, so lacks any arguable basis in law as to qualify as legally frivolous.

4

**IT IS THEREFORE ORDERED** that Plaintiff's request to proceed as a pauper (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be **DISMISSED** as frivolous and for failing to state a claim under 28 U.S.C. § 1915(e)(2), but without prejudice to Plaintiff filing a new complaint that sets forth sufficient factual matter to support a Title VII religious discrimination claim.

                                        /s/ L. Patrick Auld
                                               **L. Patrick Auld**
                                          **United States Magistrate Judge**

October 19, 2011

5

Case 1:11-cv-00776-UA -LPA   Document 4   Filed 10/19/11   Page 5 of 5